IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael P.L. Gregg-Wilson,<br><br>PLAINTIFF,<br><br>v.<br><br>Sumter County, S.C.; Sumter County Summary Court; Kristi Fisher Curtis; Bryan Keith Griffin; Carla Jones Brayboy; Vanessa Durant; Joyce A. Gregg; Charles T. Brooks, III; Sumter County Sheriff Department; Anthony Davis; Sumter County Solicitor's Office; Ernest A. Finney, III; Lexington County, S.C.; County of Lexington Eleventh Judicial Circuit; Deborah Neese; Robert E. Newton; Beth A. Carrigg; Elnora J. Dean; and Elijah A. Gregg,<br><br>DEFENDANTS. | Case No. 3:19-987-TLW<br><br><br>**Order** |

Plaintiff Michael P.L. Gregg-Wilson, proceeding *pro se*, brings this action alleging civil rights violations by the defendants in connection with several state court actions. ECF No. 1. The Plaintiff alleges that Judge Kristi Fisher Curtis, then-Chief Magistrate Judge of Sumter County Summary Court, and Judge Deborah Neese, then-Chief Administrative Family Court Judge for South Carolina's Eleventh Judicial Circuit, "engaged in palpable acts and attempts, to destroy and/or eradicate specific segments of African Americans and Other oppressed and disenfranchised minorities, actively, intellectually and overtly opposed to pernicious acts of Abuse of Judicial Discretion, Process and Access." ECF No. 1 at 3-4, 9-10. The allegations stem from state court actions for divorce and eviction initiated by Plaintiff's ex-wife. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 8.

1

In the Report, the magistrate judge recommends that this case be dismissed, finding that Plaintiff's "complaint is comprised of nonsensical factual statements and conclusory, disjointed legal arguments that fail to state a federal cause of action." ECF No. 8 at 10. The magistrate judge characterizes the allegations in the Complaint as contentions "with adverse state court decisions, which he generally asserts are connected to a larger racial conspiracy." ECF No. 8 at 7. Therefore, the magistrate judge notes that in addition to lacking merit, Plaintiff's allegations against defendant judges Curtis, Neese, Newton, and Griffin are entitled to summary dismissal because those defendants are protected by judicial immunity. Further, noting that the doctrine of quasi-judicial immunity extends to court personnel, including clerks of court, law enforcement officers, and others who enforce court orders, the magistrate judge found that defendants Brayboy, Durant, Dennis, Finney, and Carrigg are entitled to immunity and summary dismissal. As to the municipal defendants—Sumter County, Sumter County Summary Court, Sumter County Sheriff Department, Sumter County Solicitor's Office, Lexington County, and County of Lexington Eleventh Judicial Circuit—the magistrate judge found that Plaintiff has not alleged any facts against these defendants and therefore has failed to state a claim. As to the remaining defendants—Plaintiff's ex-wife and her two attorneys—the magistrate judge found that Plaintiff failed to provide any factual support to his conclusory allegations. After the magistrate judge filed the Report, Plaintiff filed objections, ECF No. 11, and an Amended Complaint, ECF No. 12. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . .   The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.   The Court is required to make a *de novo*

determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 8, is **ACCEPTED**. Plaintiff's objections, ECF No. 10, offer no legal or factual reason to reject the Report and are therefore **OVERRULED**. Plaintiff's Amended Complaint, ECF No. 11, does not fix the deficiencies outlined in the Report and therefore is **DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED**.

                                                    *s/ Terry L. Wooten*
                                                    Terry L. Wooten
                                                    Senior United States District Judge

June 1, 2020
Columbia, South Carolina

3